IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TAMARA KAY FULMER-STEWART,<br>*Plaintiff*<br><br>-vs-<br><br>WILLIAM MC MANUS, ROBERT BLANTON, SAN ANTONIO POLICE DEPARTMENT; AND TIMOTHY VAUGHAN, SAN ANTONIO POLICE DEPARTMENT;<br>*Defendants* | §<br>§<br>§   SA-25-CV-00413-XR<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER ADOPTING REPORT AND RECOMMENATION

On this date the Court considered United States Magistrate Judge Henry J. Bemporad's Report and Recommendation in the above-numbered and styled case, filed July 2, 2025, ECF No. 13.

This matter was automatically referred to the Magistrate Judge for disposition of the application to proceed in forma pauperis ("IFP") and a review under 28 U.S.C. § 1915(e), pursuant to this Division's Standing Order of October 8, 2019.[1] *See* Text Entry dated April 17, 2025. In accordance with the Standing Order, the Magistrate Judge identified deficiencies in Plaintiff Tamara Kay Fulmer-Stewart's *pro se* Complaint which made it difficult to ascertain the basis of her claims against Defendants. Subsequently, Judge Bemporad issued an Order requiring Plaintiff to file a more definite statement by May 21, 2025. *See* ECF No. 4.

Plaintiff did not file a more definite statement. Instead, Plaintiff filed two motion to suspend or stay proceedings while she sought review in the United States Court of Appeals for the

---

[1] The divisional standing order has since been superseded by an amended order issued on June 30, 2025.

Fifth Circuit. ECF Nos. 10, 11. Judge Bemporad denied those motions as Plaintiff did not actually file any papers before the Fifth Circuit. ECF No. 12. The Magistrate then extended the deadline through June 11, 2025, for Plaintiff to submit a more definite statement. The deadline passed without any filing or response by the Plaintiff.

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his or her written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). The Magistrate Judge's recommendation was mailed by certified mail to Plaintiff and the certified mail receipt was filed on July 3, 2025. *See* ECF No. 14. No objections have been filed, and the time in which to do so has now passed.[2]

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Accordingly, the Court **ACCEPTS** the Magistrate Judge's recommendation and Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**. A final judgment pursuant to Rule 58 will follow.

The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff Tamara Kay Fulmer-Stewart at 8452 Fredericksburg Rd. #444, San Antonio, Texas 78229.

It is so **ORDERED**.

---

[2] Service for the purposes of Rule 72 was complete upon mailing the Report to Plaintiff's last known address. *See* FED. R. CIV. PRO. 5(b)(2)(C) ("A paper is served under this rule by mailing it to the person's last known address—in which event service is complete upon mailing."); *cf. N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 142 (5th Cir. 1996).

**SIGNED** this 22nd day of August, 2025.

                                                    XAVIER RODRIGUEZ
                                                    UNITED STATES DISTRICT JUDGE